# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| BENNIE WYATT BROOKS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-103 (CDL) |
| | * | 42 U.S.C. § 1983 |
| JAMES DONALD and H. DWIGHT | * | |
| HAMRICK, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is the Defendants' Motion to Dismiss Plaintiff's action. (R-12). The Plaintiff was notified of his right to respond but failed to do so within the time allotted. Plaintiff did, however, file a Petition for Writ of Injunction (R-16) to which the Defendants responded. (R-17).

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the

allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

## PROCEDURAL HISTORY

On June 18, 2007, Plaintiff filed this 42 U.S.C. § 1983 suit claiming that the Defendants subjected him to racial discrimination and retaliation for the filing of grievances for that discrimination, thereby violating his constitutional rights. (R-1 and 7).

In their unenumerated 12(b) Motion to Dismiss, Defendants claim that: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff failed to state a valid due process claim; (3) the doctrine of vicarious liability does not apply to § 1983 actions; and (4) Plaintiff failed to state a valid equal protection claim. (R-12-2).

## DISCUSSION

In his complaint, Plaintiff seeks: (1) "injunctive relief requiring Defendants to cease immediately from application of arbitrary and capricious punishment"; (2) a "Declaratory order stating the illegality of use of race as factor in all aspects of care and treatment"; and (3) an "immediate restraining order to prevent further threats, harassment and abuse of Plaintiff." (R-1, p. 7).

### I. Motion to Dismiss

Rule 12(b)(1) provides that a defendant may raise any and all defenses regarding "lack of jurisdiction over the subject matter." Although the Eleventh Circuit has not ruled on this

2

matter directly, the Ninth Circuit Court of Appeals, in *Wyatt v. Terhune,* 315 F. 3d 1108, 1119-20 (9th Cir. 2003), *cert. denied,* 124 S.Ct. 50 (2003), held:

> We next address the form of pretrial motion to be used to resolve the State's contention that the prisoner has failed to exhaust his administrative remedies. In this Circuit, we have held that the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. *See Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368 (9th Cir. 1988). (citations omitted). These decisions are based on the general principle that "summary judgment is on the merits," (cite omitted) whereas, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." (citations omitted). In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *See Ritza,* 837 F.2d at 369. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. *See id.* at 368.

Thus, a motion to dismiss based upon a plaintiff's failure to exhaust his administrative remedies, which pleads a lack of jurisdiction, is properly filed as an unenumerated Rule 12(b) motion.

The Defendants first contend that Plaintiff failed to exhaust his available administrative remedies with regard to his claims and, as such, Plaintiff's claims must fail. (R-12-2, p. 3). By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has consistently

3

held that where Congress explicitly mandates, a plaintiff must exhaust the administrative remedies available to him before he is authorized to file a lawsuit in federal court. *McCarty v. Madigan,* 503 U.S. 140, 144 112 S.Ct. 1081, 1086 (1992). The Eleventh Circuit Court of Appeals, following the Supreme Court rulings and the PLRA, has held that "since exhaustion is now a precondition to suit, the courts cannot simply waive those requirements . . . ." *Alexander v. Hawk,* 159 F.3d 1321, 1326-27 (11th Cir. 1998).

A recent United States Supreme Court decision, held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (U.S. 2006)(emphasis added). In *Woodford*, the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Id.* at 2380. The Respondent thereafter filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be **fully and properly** exhausted. *Id.* (Emphasis added).

A review of the Georgia Department of Corrections Standard Operating Procedure (hereinafter, SOP) on Inmate Grievances, which regulates the grievance process in all Georgia prisons, reveals that an inmate must exhaust an "Informal Complaint Procedure"

4

before proceeding to a "Formal Grievance Procedure." An affidavit signed by Rutledge State Prison Grievance Coordinator Brown Keys and filed by Defendants states that an inmate has ten calendar days from the date he knew or should have known of the facts surrounding the grievance to file an informal grievance. (R-12-3, p. 3). After a decision is rendered regarding the informal grievance, the inmate may procure a formal grievance form from a prison counselor. *Id.* There further exists an appeal process for inmates who are not satisfied with the outcome of the formal grievance. *Id.* For an inmate to fully exhaust his administrative remedies, therefore, he must complete all three steps of the grievance procedure.

In this case, the affidavit of Brown Keys avers that Plaintiff Brooks did not exhaust the administrative grievance procedure. Specifically, Keys' affidavit states that Plaintiff never filed a formal grievance against Defendant Hamrick regarding discrimination in the form of work detail assignments. (R-12-3, p. 3). Affiant Keys further avers in his affidavit that Plaintiff has never filed any informal grievances against Defendant Hamrick regarding retaliation for previous grievance filings or against Defendant Donald regarding deliberate indifference to claims of racial discrimination despite having been made previously aware of this ongoing systemic practice. *Id.*

The record reveals that Plaintiff has failed to refute this evidence by filing any response to the Defendants Motion to Dismiss. Therefore, having failed to show that any genuine issue of material fact exists with regard to exhaustion of available administrative remedies, it is recommended that Plaintiff's complaint be DISMISSED for Plaintiff's failure

5

to timely exhaust his administrative remedies. Having failed to exhaust said remedy, this court is without the jurisdiction to review the allegations found in his Amended Complaint. It is, therefore, recommended that any and all remaining claims against these Defendants be dismissed.

## II. Injunctive relief

As noted above, Plaintiff filed a Petition for Writ of Injunction on October 1, 2007. (R-16). Defendants filed their Brief in Response to Plaintiff's Motion on October 12, 2007. (R-17). In his Motion, Plaintiff moves the court to enjoin the Defendants and their employees from retaliating against him for his filing of the current action. (R-16, p. 1). He further demands that the court order Defendants to provide him with adequate clothing and shower shoes. *Id.* at 6.

In this circuit there is a four-factor test for granting an injunction.

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he will ultimately prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Gangloff v. Poccia*, 888 F. Supp. 1549, 1560 (1995) (citations omitted). Injunctive relief will not issue unless the alleged misconduct is imminent and no other relief or compensation is available. *Cunningham v. Adams,* 808 F.2d 815, 821 (11th Cir. 1987). A temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir.

1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).

In response to Plaintiff's Motion, Defendants argue that where Plaintiff failed to exhaust his available administrative remedies, he is unlikely to prevail on the merits of his claims. (R-17, p. 5). Pursuant to the foregoing authority, Defendants are correct. It has been determined that Plaintiff did, in fact, fail to exhaust the grievance procedure at the Rutledge State Prison, thus negating the possibility that his claims would prevail. As such, Plaintiff has failed to meet the requirements of a preliminary injunction by failing to meet the first prong of the four-factor test. It is, therefore, recommended that Plaintiff's Petition for Writ of Injunction be denied.

Accordingly, it is hereby RECOMMENDED, that the Defendants' Motion to Dismiss be GRANTED and that any claims for injunctive relief be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO ORDERED this 25th day of October, 2007.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw